Good morning, Your Honors. I'm Paula Olson, and I represent the appellant and defendant Sharon Kukhahn. Your Honors, Ms. Kukhahn in May of last year was convicted of several crimes pertaining to violations of the Internal Revenue Code tax laws. She was sentenced to 84 months of total incarceration, along with other penalties for her sentence. She's appealing her conviction and her sentence, and she's raising three issues for consideration. The first issue pertains to errors in the admission of evidence during the trial. The second issue pertains to the District Court's denial of her motion to recuse himself because he had previously ruled on a civil matter that had some relationship to the criminal case. And the third issue is the District Court's abuse of discretion in her sentence of 84 months instead of the requested sentence of 63 months. Your Honors, I'm going to submit the first two issues on the briefs and focus only on the third issue pertaining to sentencing, unless the Court has any questions regarding the first two issues. So looking now at the third issue, the Court was able to narrow and focus on the question of this Court's jurisdiction and its request for a letter brief on whether this Court has jurisdiction to determine the appropriateness of the District Court's ruling on a downward departure. And as the Government very well set forth in the letter brief, Ms. Kukan did not specifically ask for a downward departure at sentencing. She was asking the Court to consider the 3553A factors set forth in the statute and focus on the first aspect, the first factor, being her characteristics and the nature of her, the offense. Here's my problem on the jurisdiction, and the Government's letter doesn't really answer it, and you didn't say anything at all, but under Section 3742A, A3 says the defendant can appeal a sentence that is greater than that specified by the guidelines. Well, your sentence wasn't greater than a sentence specified by the guidelines, it was less, right? That's correct, Your Honor. So, what is the authority for an appeal? Your Honor, we... That seems to, you know, that phrase seems to contain a negative. If the defendant can appeal a sentence that's greater than specified in the guidelines, then conversely, the defendant cannot appeal a sentence that's less than the guidelines. Well, first of all, Your Honor, we all know that the guidelines are advisory, and so the District Court is not bound by the guideline range. No, but I don't think Booker declared 3742 unconstitutional, right? No, Your Honor, it did not. Booker was focusing on whether or not the sentencing guidelines were mandatory or advisory. Well, what's your response to, you know, does 3742A3 play any part in whether or not we have jurisdiction? Your Honor, I think the focus here is that what Ms. Cucombe is asking for to the District Court was a downward variance, and that is, I think, the government's response to the court's question in its letter brief was an appropriate response. Well, I know what the government's response is, but the government response completely ignores this statute. That's why I'm asking. And, Your Honor, to be honest, I'm not, at this point, familiar or I don't have that statute before me, and I'm not exactly familiar with that statute. Are you familiar with the case of United States v. Benson, B-E-N-D-T-Z-E-N? Not specifically, Your Honor. At least to me, that seems to answer the question that my colleague has asked. For purposes of our discussion, let's just assume for a minute that it expressly permits a below-guidelines appeal for reasonableness. If that's true, and, of course, we always have to be concerned about jurisdiction, I'm truly puzzled as to why you think that there's a violation here. I mean, all the factors that you deal with, the judge expressly addressed, like the mental issue. He talked about it. I'd agree with you, but he talked about it. Each point just seemed to go right through and talk about it. And, of course, our case law does not require a judge, either on 3353A factors or any other factors in sentencing, to go down a checklist. It's clear what they're supposed to start with. It's clear what they're supposed to consider. But tell me why I'm wrong that this judge didn't very carefully check off what he needed to and make a determination, admittedly not one that your client was pleased with, but, nonetheless, one that complied with all of the procedural and substantive requirements imposed upon him by law. And I'm not saying that the court is completely incorrect when it views the record and what the district court did in sentencing. I think the district court did attempt to focus on all of those 3553A factors. Our contention, though, Your Honor, is that the primary and the most important factor in sentencing, from Ms. Kucon's standpoint, is her mental and emotional state. But, again, with respect, counsel, I understand your point. You're saying, I think you're saying the court didn't properly consider these things, not that it wasn't considered. But as a court of appeal, it's not our job, indeed we have no authority, to override what the district court does as long as the court waited, assuming that there's any kind of evidence to back it up. I trust you don't disagree that there is evidence in the record that could buttress the district court's decision, do you? Well, we're arguing that there's definitely evidence in the record that supports that her mental condition. I understand. You're saying you've got evidence to the contrary. But I'm saying, are you contending that the findings that the district court undoubtedly made on the mental condition, you're saying it was wrong, you don't agree with the evidence that the district court apparently relied upon, but you're not saying the district court just made this up out of whole cloth and didn't consider any evidence, right? No, Your Honor, I'm not arguing that. Okay, so how do we, as members of a court of appeal, even get to this point? I mean, what are we to evaluate that gives us the authority to take the place of the district judge who saw your client, who observed her demeanor, who observed the testimony, read the reports, all that sort of thing? How do we get involved with that? The court of appeals gets involved from the standpoint of reviewing the downward variance to the extent that the district court considered it under the substantive reasonable test standard, which is similar to the abusive discretion standard. Oh, it's a lot more than that. Substantive reasonableness is something we do use it, but it's rarely, rarely, rarely done, because, you know, that puts us in a whole different role. Basically, the district court has to just be so off the wall in the sentence that it almost shocks the conscience for us to get into substantive unreasonableness, doesn't it? Let me ask the question this way, getting at the same thing. Ms. Olson, what is, you know, let's say the strongest factor that you can cite to us that the district judge relied on that you believe, you know, resulted in an unreasonable sentence? The strongest factor, Your Honor, is the first factor, the nature and characteristics of the defendant. That is our focus. And the evidence comes from the evaluation of Dr. Edward Shaw, wherein he diagnosed Ms. Kukan from suffering from various mental and emotional disorders. Well, I think Judge Smith said this, but as he said, it's clear the district court considered that evidence, right, that opinion? Yes, Your Honor, the district court did consider that. And he came to a different conclusion on it. I mean, he exercised, you know, well, I was going to say, you know, a reasonable analysis, but, I mean, he did parse that out to some extent, right? To some extent. Our contention is he did not parse it out to the fullest extent. And to the extent that he – What does that mean? I'm sorry, Your Honor? What does that mean? What that means is that there was far more evidence in the record of Ms. Kukan's disorders that resulted in her criminal activity than the sentencing judge considered. How do you know? Because of comments that he made, you know, called her, you know, various things such as – He doesn't have to believe everything in the record. He doesn't have to accept everything that your witnesses say. He considered the evidence. Clearly, he considered the evidence. And he accepted part of it or none of it or some of it. Why is it that if he doesn't buy into everything that your witnesses say, that means he didn't consider it? I've never heard of this. Well, because the evidence reflects an individual who is quite ill, mentally ill. Either that or canny or somebody who fools the doctors or, you know, it could be any number of things. What the evidence reflects is that she was convicted of engaging in a sort of widespread scheme to defraud the government, to help other people defraud the government. Why can't the district judge say, well, maybe she's got some mental issues or at least I've looked at this possibility and I just don't think it's worth very much? The district court can do that, but our argument here is that the district court did not fully look at those issues, at her mental health issues. Excuse me, counsel. At ER 270, and I won't read this to you, the court basically talked about what this doctor indicated and Dr. Shaw, I guess it is, and basically just said, you know, you have no remorse. I just don't believe this. I just flat out don't believe this. Now, what's wrong with that under the case law? He considered it. He didn't agree with you. But he basically thought, as the chief suggested, that this was a con game, basically. He didn't believe what the doctor had to say and thought this was not acceptable, that she didn't have any remorse and she needed to be appropriately punished. Well, the district judge really wasn't in a position to say that what the psychologist evaluated Ms. Kukon as having was not. Excuse me? What's the district judge for? Is he the proverbial potted plant? He has to just take whatever the psychologist says and that's it? No, of course not. But there wasn't anything else in the record or any other evidence. I don't believe that. I don't need anything else. I've looked at her. I've heard what the doctor says, and I think she's a crock. Why isn't that entirely within the authority of the district judge to do it? Does he have to believe every witness that isn't otherwise contradicted by another witness? No, I don't think that is so. But I think the district court, especially in sentencing somebody who is like Ms. Kukon, has to really give special consideration to her mental health issues. He did, and he says, I don't believe it. He said, I looked at this. I just don't think she's got it. This applies to her. You know, you may disagree with the judge, but what? Well, I think Ms. Kukon is entitled to a sentencing judge who, I mean, if the sentencing judge is just going to flat-out disbelieve what a psychologist expert presents to the judge, then from Ms. Kukon's standpoint, her characteristics don't and the nature of her makeup that caused her to commit these crimes don't mean anything. And that's her issue. She believes that the district court did not fully take those things into consideration and sentenced her to a higher sentence than was appropriate. So basically you're suggesting that the entire sentencing scheme that Congress and the courts have established is pretty much a crock, because if you've got some psychologist who comes in and says to the contrary and it's not sympathetic to your client, then it's got to be wrong. Is that what you're telling us? No, Your Honor. What I'm saying is if the government, for example, had their psychologist who evaluated Ms. Kukon and that psychologist came back with different analysis. Well, excuse me. I don't mean to interrupt you, but the Chief already addressed that. You're saying that if you have uncontradicted testimony by your psychologist, which apparently was the case here, and the judge just says, come on, are you kidding me? I don't believe this. They can't do that. Is that what you're saying? No, Your Honor. And, you know, it is a difficulty in sentencing. Sentencing is a very difficult aspect of the criminal process because there is a lot of subjectivity that goes into it. That's why they're so careful in evaluating Article III judges because they're given a lot of authority and a lot of power to make these kinds of decisions. But in order for us to be of any help to you, you've got to point to something where the district judge has violated the statute, violated the rules, violated the case law, and, frankly, I don't see it. If I'm missing something, please correct me. But he clearly considered the testimony, addressed it specifically, and said in layman's terms, this is a crock. I don't believe it. I cannot honestly argue to this Court that the district judge actually violated these principles and the statutes in terms of a real violation. What I am arguing to the Court is that, again, the district judge did not take these things fully into consideration during the sentencing process. He didn't agree with you. He may not have given the psychologist the full benefit of his professional opinion without evidence to indicate that his professional opinion was not reliable. Okay, thank you. Thank you. May it please the Court, Mark Detterman for the United States. Let me step into what we were just talking about. The judge had good reason to discount some of the psychologist's testimony. His testimony was basically she had some type of delusional belief system that she believed, basically she believed her beliefs that he didn't have to pay taxes. There was evidence the judge... I'll ask you an alternative. I've actually never even heard of all of this. He said that she was suffering from post-traumatic stress disorder, delusional disorder, dependent personality disorder, and serious problems in relational and occupational functioning. It's kind of a conclusory, but it's interesting. And the district court pointed to two things that suggested that those, even considering that diagnosis, there were problems with it. And one is this was a money-making scheme that she was making a lot of money on. And second, if she really had this delusional belief, she was doing a lot of contact to conceal her conduct. She was taking steps to conceal her ownership of property, to conceal her bank accounts. And so if she really had a true belief that she didn't have to pay taxes or that the IRS was illegally taxing people, then why did she have to conceal all her activities? So there was definitely reasons. The sentence was reasonable. There was reasons behind the district court's discounting of the psychologist's testimony. Okay. Thank you. No other questions? If you want me to address the jurisdictional issue? I think we're fine. Okay. Thank you. Okay. Thank you, Judge. That's all you have to say. We're adjourned. All rise. This court is adjourned. Good.
judges: Kozinski, Tashima, Smith